# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD LEE WILLIAMS,<br><br>      Plaintiff,<br><br>   v.<br><br>C. PFIEFFER,<br><br>      Defendants. | Case No. 1:17-cv-00549-EPG (PC)<br><br>ORDER FOR PLAINTIFF TO SHOW CAUSE WHY CLAIMS HE IS CURRENTLY EXHAUSTING SHOULD NOT BE DISMISSED WITHOUT PREJUDICE FOR FAILURE TO EXHAUST (ECF NO. 1)<br><br>THIRTY DAY DEADLINE |

     Donald Williams ("Plaintiff") is proceeding *pro se* with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the complaint commencing this action on April 18, 2017. (ECF No. 1). The complaint is awaiting screening.

     The Court has reviewed the complaint, and it appears that Plaintiff has exhausted at least some of his claims. However, on one of his exhibits, Plaintiff wrote "I am currently exhausting all my administrative remedies (appeals) regarding several CDCR-602's [sic] staff complaints related to the beaten [sic] and sexual misconduct described [in] the 1983 civil complaint." (ECF No. 1, p. 43).

     42 U.S.C. § 1997e(a) states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the administrative process, unless "the relevant administrative procedure lacks authority to provide any relief or to take any action whatsoever in response to a complaint." Booth v. Churner, 532 U.S. 731, 736, 741 (2001); Ross v. Blake,

1

136 S.Ct. 1850, 1857, 1859 (June 6, 2016). Exhaustion of administrative remedies must occur before the filing of the complaint. McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002). The Court notes that a dismissal for failure to exhaust is without prejudice. Id.

Based on the exhibits Plaintiff included with his complaint, it appears that Plaintiff may not have exhausted his administrative remedies, at least in regards to some of his claims. Therefore, the Court will order Plaintiff to show cause why all claims that he is "currently exhausting" should not be dismissed without prejudice for failure to exhaust administrative remedies. In particular, Plaintiff should explain his statement that he is "currently exhausting" his administrative remedies.

Accordingly, based on the foregoing, it is HEREBY ORDERED that within **thirty (30) days** from the date of service of this order, Plaintiff shall show cause why all claims that he is "currently exhausting" should not be dismissed without prejudice for failure to exhaust administrative remedies. Failure to respond may result in dismissal of this case.

IT IS SO ORDERED.

Dated: __**April 25, 2017**__  /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE