# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD LEE WILLIAMS,<br><br>           Plaintiff,<br><br>    v.<br><br>C. PFIEFFER, et al.,<br><br>           Defendants. | 1:17-cv-00549-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF PRO BONO COUNSEL<br>(ECF NO. 8) |

      Donald Williams ("Plaintiff") is a state prisoner proceeding *pro se* with this civil rights action filed pursuant to 42 U.S.C. § 1983. On June 13, 2017, Plaintiff filed a motion for appointment of pro bono counsel. (ECF No. 8).

      Plaintiff asks for appointment of counsel because he is unable to afford counsel, because the issues in this case are complex, because Plaintiff is currently a patient in the mental health "Enhance Out-Patient Program" and takes prescribed medications in order to function effectively, because this case will require extensive discovery, because this case will involve conflicting testimony, because Plaintiff has extremely limited access to the law library, and because Plaintiff has limited knowledge of the law.

      Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v.

1

Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), withdrawn in part on other grounds, 154 F.3d 952 (9th Cir. 1998), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

The Court will not order appointment of pro bono counsel at this time. At this early stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits. Plaintiff's complaint is still awaiting screening. Additionally, Plaintiff has not yet submitted his application to proceed in forma pauperis, despite being ordered to do so by the Court (ECF No. 3). Moreover, based on the record in this case, it appears that Plaintiff can adequately articulate his claims.

Plaintiff is advised that he is not precluded from renewing the motion for appointment of pro bono counsel at a later stage of the proceedings.

For the foregoing reasons, IT IS ORDERED that Plaintiff's motion for appointment of pro bono counsel is DENIED without prejudice.

IT IS SO ORDERED.

Dated: **June 15, 2017**　　　　　　　　/s/ Erica P. Grosjean
　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE